## Adams v. Shelton et al.

June 13, 1947.

K. S. Alcorn, Judge.

Marvin Cornett for appellant.

Ernest G. Baxter for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

This is a suit in ejectment brought by appellant to recover possession and damages for the use of a 2¼ acre tract of land in Lincoln County. Appellees' defense was a claim of title based on adverse possession for more than fifteen years. A trial being had, the jury found for appellees. Appellant urges for reversal on this appeal: (1) his right to a peremptory instruction, (2) the admission of incompetent evidence, and (3) the verdict is contrary to the evidence.

It is stipulated that appellant had a superior paper title to the tract in controversy, which was an enclosed lot. This lot adjoins other property owned by appellant and other property owned by appellees. In order to make out a case of adverse possession, appellees proved three conveyances which specifically described this property. The first was executed in 1916 between Mollie C. Hayes and Lena B. Adams and others; the second was a commissioner's deed executed in 1918 to Ora Turnbull; the third was a deed from Ora Turnbull and others to appellees, William Shelton and wife, dated January 21, 1941. These deeds were introduced by appellees to show the boundaries of the tract claimed by adverse possession.

Appellees introduced witnesses who traced possession of the land in controversy through appellees' predecessors from 1898 to 1941. One witness had lived on the property in 1898 as a tenant of Judy Adams. She died that year, and the property was claimed and thereafter occupied from time to time by other members of the Adams family. Appellant's father belonged to this family, but had moved away from the tract after some controversy over its ownership. Mollie Hayes and Lena Adams were part of this family and were parties to the first conveyance above mentioned. They had both occupied the property for some time prior to the com-

missioner's sale in 1918 at which sale Ora Turnbull purchased the property. There is substantial testimony that after 1918 this land was occupied and cultivated by tenants of Ora Turnbull who, as above stated, conveyed to appellees.

The sum and substance of the testimony is to the effect that the persons through whom appellees assert possession had been in and about this tract, using, cultivating and claiming same as their property at least since 1916; and that appellant's predecessors in title had not made any claim to it since that date. Appellant was conveyed this property, along with an adjoining farm, in 1930, but his only claim of occupancy is that he had tobacco beds on the property in 1932, 1933 and 1934 and cut some trees on the land at various times. There is a substantial dispute as to whether or not these tobacco beds or the trees were actually on the land in controversy. It is admitted, however, that appellant was warned away from the property by appellee William Shelton, and apparently by others prior to 1941.

After a careful reading of all of the testimony and exhibits, we are convinced that a jury could reasonably conclude that appellees and those through whom they claim title had been in actual, adverse, open, notorious, peaceable and continuous possession of this property for a period of more than fifteen years prior to the filing of this suit. Under such circumstances, we would be invading the province of the Jury to decide that appellant was entitled to a peremptory instruction, or that the verdict was contrary to the evidence. Greenway et al. v. Watson, 268 Ky. 745, 105 S. W. 2d 848. We thus conclude that there is no merit in contentions (1) and (3) raised by appellant.

Appellant's contention (2) is likewise without merit. It calls in question a statement of a witness about what some one else had told him with respect to one Joe Middleton's tenancy. While this single statement may have been incompetent as hearsay, it was not prejudicial to appellant because other uncontradicted testimony proved the same fact.

The judgment is affirmed.