## Cornelius et al. v. Stephens et al.

March 17, 1950.

J. B. Johnson, Judge.

500

Will H. Caylor for appellants.
Leonard S. Stephens for appellees.

JUDGE REES—Affirming.

Josh Stephens, a resident of McCreary County, died intestate in 1935 leaving two sons and a large number of grandchildren who were the children of deceased sons. On August 26, 1947, an action was filed in the McCreary Circuit Court by more than twenty of the heirs in which the plaintiffs asked for a sale of the land owned by Josh Stephens at the time of his death and division of the proceeds. The sale was sought on the ground that the land was indivisible. The land was described in five tracts. Tract No. 4 contains four acres and does not adjoin any of the other tracts. It was alleged that Josh Stephens and his heirs had been in the adverse possession of this tract for more than thirty years, but that John Lay, husband of Mossie Lay, had secured a deed thereto from W. S. Glore and wife on August 31, 1946, and on November 16, 1946, conveyed a portion of the 4-acre tract to Joe Lay. It was further alleged that these deeds were champertous, and plaintiffs asked that they be set aside. The Lays were made defendants. On July 5, 1948, Fletcher Cornelius filed a petition asking to be made a party defendant. He alleged that on March 3, 1947, Joe Lay and wife conveyed to him a portion of tract No. 4; that he had no notice of any claim to the land by the plaintiffs or other persons; and he asked to be adjudged the owner of the land. The petition of Cornelius was treated as his answer, and the plaintiffs filed a reply in which they alleged that Cornelius had notice of their claim to the land at the time he purchased it from Joe Lay. A large amount of proof was heard, and upon submission of the case it was adjudged that the plaintiffs, the infant defendants and Mossie Lay, were the owners of tract No. 4, and it was ordered sold

along with the other tracts. The deed from W. S. Glore and wife to John Lay, the deed from John Lay and wife to Joe Lay, and the deed from Joe Lay and wife to Fletcher Cornelius were canceled. Fletcher Cornelius and the Lays have appealed.

The sole question presented by this appeal is the correctness of the chancellor's ruling that the 4-acre tract of land belongs to the heirs of Josh Stephens. It appears that L. E. Bryant at one time owned numerous tracts of land consisting of several thousand acres located in what is now McCreary County and adjoining territory. Included in his holdings was the 4-acre tract now in dispute which did not adjoin any of his other tracts. Fifty or sixty years before this suit was filed L. E. Bryant gave the 4-acre tract to Josh Stephens in cons'deration of certain services rendered by Stephens, but no deed was ever executed and delivered to Stephens by Bryant or his descendants. Bryant promised Stephens from time to time to execute a deed, but failed to do so before his death. None of the Bryant heirs asserted any claim to the land until the deed from W. S. Glore and wife to John Lay was executed. Mrs. Glore was one of the Bryant heirs. The deed from the Glores to John Lay was a special warranty and not a general warranty deed, and the consideration received by Mrs. Glore was $100, much less than the value of the land. John Lay's wife, Mossie Lay, was an heir of Josh Stephens, and the proof shows conclusively that John Lay knew of the claim of ownership by the Stephens heirs. Leonard Stephens, a grandson of Josh Stephens, testified that he lived with his grandfather until he was 16 years of age, and that on one occasion Josh Stephens pointed out to him the boundaries of the 4-acre tract, and that the corner trees were marked. The land was never fenced. Josh Stephens sold the merchantable timber on the land on two occasions, and the timber was cut and sawed. About 15 years elapsed between the two sales. Stephens cut timber on the land regularly during his lifetime for his personal use, but never cultivated it. He sold or gave a small strip of it to a neighbor who owned an adjoining tract, and Stephens permitted the strip to be fenced. On two occasions he permitted the erection of a temporary house on the land, and for nearly 50 years he was the only person who exercised or attempted to exercise any dominion over the land.

502

That he was the owner was generally recognized throughout the community. We think the evidence was sufficient to establish title in Josh Stephens by adverse user, and further that the evidence shows knowledge of appellees' ownership by the grantees in the deeds to John Lay, Joe Lay and Fletcher Cornelius.

Judgment is affirmed.