## MULLINS v. HARGIS et al.

Court of Appeals of Kentucky.

Sept. 25, 1951.

Thomas R. Burns, Morehead, for appellant.

Lester Hogge, Morehead, for appellees.

CLAY, Commissioner.

This action was brought by appellees to quiet their title to a 7 acre tract of land in Rowan County. The relief asked was granted.

Appellant's first contention on this appeal is that his general demurrer to the petition should have been sustained, on the theory that the allegations were indefinite, and adverse possession was not properly pleaded. We find nothing indefinite in the petition which describes a 169 acre tract (of which the disputed land

is a part) by metes and bounds, states that appellees are the owners and in possession of this property, and have claimed it to a well marked and defined boundary for a period of more than 15 years. Appellant argues adverse possession was not sufficiently pleaded because there was no allegation that appellees' possession was "hostile." However, the petition alleges the possession was "open and adverse," which we think sufficiently apprised appellant of the nature of the claim.

 Appellant further contends appellees were not entitled to relief because they did not trace their title back to the Commonwealth. They were not required to do so since the basis of their claim was adverse possession under color of title. The deeds introduced in evidence were not to prove record title, but to establish the defined boundaries of their occupancy.

Appellant's next argument is that appellees failed to prove an actual, adverse possession of the wedge-shaped 7 acre tract for the statutory period. This contention points up appellant's fundamental fallacy in the case. It was not necessary for appellees physically to possess the area in controversy. Since they had record title to a large farm described by metes and bounds, and as they and their predecessor for a long period of time have occupied the principal part of this farm, such possession extended throughout the entire described boundary. See Stephens v. Kidd, 298 Ky. 38, 181 S.W.2d 688.

Appellant's and appellees' farms adjoin. According to the description in the deed of appellees and that of their predecessor in title (who was conveyed the land in 1924), the dividing line runs from the Dillon land on the north to the Littleton land on the south. Appellant claims this line stops before it reaches the Littleton land, and appellees do not own the 7 acre tract lying south of their property between it and the Littleton land.

The proof shows a fence extends along the division line from the Dillon land to the Littleton line and it has existed for many years. It is on the exact boundary described in appellees' deed. Appellant testified he rebuilt part of this fence simply to segregate his cleared ground from the woodland which makes up most of the disputed tract. Regardless of who put the fence up, or when it was erected, it was on the boundary line described in appellees' and their predecessor's deeds. Their adverse possession extended to this line even though their actual occupancy of the land in dispute was occasional and sporadic.

 Appellant, who shows no title in himself, finally contends the record title to this questioned tract is in some third party. It is extremely difficult to tell by this other deed where the property described in it is located, and there is evidence that it is nowhere near the land claimed by appellees. There is no evidence that anyone, prior to this suit, made any claim that this deed conveyed any of the land described in appellees' deed.

In our opinion the Chancellor reached the correct conclusion on the issues presented.

The judgment is affirmed.