BELCHER et al. v. BINGHAM et al.

Court of Appeals of Kentucky.
Feb. 15, 1952.

Cleon K. Calvert, Pineville, for appellants.

Robert J. Watson, Middlesboro, for appellees.

WADDILL, Commissioner.

Appellants brought this action to recover possession of a tract of land from appellees and asked for an injunction restraining them from cutting, removing and selling timber therefrom. Judgment was entered declaring that appellees were the owners of the land and denying appellants the relief sought.

In 1880, Wilkerson Asher sold to B. D. and Alice Bingham a tract of land described as follows: "Beginning at the mouth of the Big Branch, thence running with said branch to the top of the ridge thence running up to a point opposite the mouth of the Right hand fork, thence down across the branch about fifty poles above the mouth of said right hand fork at a Buckeye and Poplar, thence up the other mountain and around to a point opposite the beginning so as to include the Black Steer Hollow and Flat Branch to the beginning; * * *."

The conveyance was made by a title bond which was recorded in December, 1894. Wilkerson Asher died testate in 1884 and by his will devised to Alice Bingham all the land embraced within the title bond and devised to China Neal, a sister of Alice Bingham, "all the land I own on the Little Creek, but, the boundary I give Alice Bingham, and this is their part of my land * * *."

Appellants, who are the heirs of China Neal, claim that she died seized of property of the following description: "Beginning on Little Creek fifty poles above the mouth of the Right or Isom Trace Fork, and at a point where formerly stood a poplar (or beech) and buckeye—thence up said Fork, maintaining that distance therefrom to the top of the ridge at the head of said fork—thence following the main ridge in a southerly direction to a point thereon at the head of Pigeon Roost Branch of Stinking Creek—thence still following said ridge to its junction with the spur that leads off between Black Steer Hollow and Little Creek —thence down said spur in a northerly direction to Little Creek—thence down Little Creek to. the point of beginning."

The southern boundary of Alice Bingham's land and the northern boundary of China Neal's land form the dividing line of the two tracts. Appellants claim that the sole question in this case is the location of this dividing line.

The land in controversy lies on Little Creek. The description in the title bond states that the southern boundary of Alice Bingham's land is "about 50 poles above the mouth of right hand fork at a Buckeye and Poplar (tree)." Alice Bingham laid this line so as to be 50 poles above the mouth of the Right Hand Fork. Appellants contend that the place where Alice Bingham established her line is not a fork of Little Creek but only a drain. Water is present in this particular fork of the creek only in times of heavy rainfall. Appellants introduced evidence to the effect that the place where Alice Bingham and her heirs have established their southern boundary line was never known as the "Right Hand Fork," but that "Isom Trace" is the only "fork" that has ever been referred to as the "Right Hand Fork". If appellants' contention is correct, their northern boundary would be extended a distance of approximately three-quarters of a mile onto the land now held by appellees. The dividing line would then be located about 50 poles above the mouth of "Isom Trace." Appellees introduced numerous witnesses who lived in this area and who testified to the effect that "Isom Trace" was never known as the "Right Hand Fork" and that the fork of the creek above which the dividing line was established by Alice Bingham has always been known as the "Right Hand Fork." The Chancellor decided in favor of the appellees and there is sufficient evidence to sustain this finding.

Appellees and their predecessors in title have occupied and have exercised dominion over the land in controversy for a period exceeding fifty years. They have cultivated crops and cut timber on this land for over fifty years and no claim was made by the appellants, or their predecessors in title, that this was their land until 1948. Since appellees have been in open, adverse, and continuous possession of this land for over fifteen years, the Chancellor was justified in finding that appellees have title by adverse possession. Mullins v.

Hargis, Ky., 242 S.W.2d 611; Cornelius v. Stephens, 312 Ky. 499, 228 S.W.2d 28; Adams v. Shelton, 305 Ky. 113, 203 S.W. 2d 62.

Wherefore the judgment is affirmed.